## No. 13,092.

A. GOODWILL VS. JOHN ELKINS, CERTIFIED FROM THE COURT OF APPEALS, FIRST CIRCUIT, BY THE JUDGES THEREOF, APPLYING FOR INSTRUCTIONS.

### SYLLABUS.

Since the adoption of the Constitution of 1898, persons holding from their debtors waivers of citation and confessions of judgment of the character referred to in Article 91 of that instrument, are not entitled upon simple production and proof of the waivers, and proof of the confession to obtain judgments. though the waivers and confessions may antedate the Constitution.

They must proceed independently of the waivers of citation, as if the same had not been written, and follow the rules governing ordinary proceedings.

The Judges for themselves.

---

*L. K. Watkins* for A. Goodwill.

Submitted February 20, 1899.
Opinion handed down March 7, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The judges of the Court of Appeals of the First Circuit have certified to us that in the suit of A. Goodwill vs. John Elkins, therein pending on appeal, "a certain question is presented for solution which they think a proper one to submit to the Supreme Court, to the end, that they may obtain from it instructions for the proper determination of the cause." The question is submitted to us in the following language:

"On the 22nd of December, 1894, the defendant gave a promissory note to the plaintiff for one hundred and fifty dollars, with eight per cent. interest from December 31, 1888, payable one day after date. In the body of the note is a waiver of jurisdiction, citation, and copy of petition, and a confession of judgment in favor of the holder for the amount of the obligation.

This obligation was presented to the judge of the Second Judicial District, accompanied with a petition and proof of the waiver of citation, and confession of judgment, on which the judge declined to grant a judgment, for the reason that the obligation was not due at the time of the signing of the confession of judgment, and that under Article 91 of the Constitution of 1898, the waiver of citation and confession of judgment, by document under private signature prior to the maturity of the obligation, could not form the basis of a judgment, without citation, as in ordinary form of procedure.

From this ruling of the court, the plaintiff appealed to this court.

It is clear, that under the law and jurisprudence as it existed prior to the adoption of the present Constitution, the plaintiff, on the production of such an obligation, was entitled to judgment; and the only question to be determined is, does the provision in Article 91 of the Constitution of 1898, that "service of citation shall not be waived, nor judgment confessed by any document under private signature, executed prior to the maturity of the obligation, have such a retrospective operation as to restrict the power of the courts in making confessions of judgment executory, without citation or delay, or in the ordinary forms of procedure."

We are of the opinion that parties holding from their debtors waivers of citation and confessions of judgment, such as Article 91.

of the Constitution of 1898 refers to, are not entitled since the adoption of that instrument to obtain judgments upon simple production of and proof of such waivers, and proof of such confessions.

That they must proceed against their debtors independently of the waivers of citation, and as if the same had not been written, and follow the rules governing ordinary proceedings.

The fact that the waivers of citation and confessions of judgment may have been given at a date anterior to the adoption of the Constitution, is an immaterial circumstance in that connection.

Our answer is intended to refer to and cover nothing more than methods of proceeding; matters outside of this are left open.

We avail ourselves of the present opportunity to say that our duties, already heavy, have been made greatly more onerous than they were, by the provisions of the present Constitution, and that our labors would be materially lessened if the Court of Appeal, in certifying to us under Article 101 of the Constitution, questions for answer, should give us the benefit of their own prior examinations of, and conclusions upon the matters submitted, and in doing so, would cite the laws and decisions bearing upon them.

It would greatly facilitate us to be placed in possession of the briefs filed by counsel of the parties, and to be informed precisely as to what their contentions and arguments were.